**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DILL, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:09-cv-02239-DLB PC<br><br>ORDER DENYING MOTION TO STAY<br><br>(Doc. 6)<br><br>ORDER DIRECTING PLAINTIFF TO NOTIFY COURT OF DESIRE TO VOLUNTARILY DISMISS PER FEDERAL RULE OF CIVIL PROCEDURE 41<br><br>(Doc. 7)<br><br>RESPONSE DUE WITHIN 30 DAYS |

**Order**

Plaintiff Charles Windham ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action. Pending before the Court are two motions: (1) a motion to stay, filed March 19, 2010, and (2) a motion to dismiss the action, filed March 24, 2010.

**I.　Motion to Stay**

Plaintiff requests a stay of the proceedings for ninety days. Plaintiff alleges he has been placed *in comunicado* since February 10, 2010 by prison staff. Plaintiff also requests a federal investigation.

Plaintiff's request for a stay is denied as unnecessary. The Court has yet to screen Plaintiff's action. Additionally, Plaintiff has not paid the filing fee or submitted an application to proceed in forma pauperis. A grant of a stay is unnecessary at this time.

1

As to Plaintiff's request for a federal investigation, federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).  Plaintiff seeks injunctive relief for actions undertaken at California State Prison, Los Angeles County.  Plaintiff's allegations in his complaint concern actions that occurred at Kern Valley State Prison in Delano, California.  Even if this action proceeded against the defendants in Plaintiff's complaint, the Court would not have jurisdiction over prison staff at California State Prison, Los Angeles County.

Accordingly, Plaintiff's motion for a stay, filed March 19, 2010, is DENIED.

**II.     Motion To Dismiss Action**

On March 24, 2010, Plaintiff filed a motion to dismiss wherein he requested that this Court dismiss this case and allow Plaintiff to appeal to the Ninth Circuit Court of Appeals.

Rule 41 of the Federal Rules of Civil Procedure (hereinafter "Rule 41") provides that a Plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, and that unless the notice states otherwise the dismissal "is without prejudice.  But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

At this stage in the proceedings, Plaintiff has the absolute right to dismiss his claims, without prejudice. *Duke Energy Trading and Marketing, L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001).  However, Plaintiff cannot appeal an order granting his request for voluntary dismissal under Rule 41, because such a dismissal "is to leave the parties as though no action had

been brought." *Id.* (quoting *Commercial Space Mgt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999)). Parties may appeal "final decisions of the district courts." 28 U.S.C. § 1291. "A 'final decision' for purposes of § 1291 is a 'decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Duke Energy*, 267 F.3d at 1048 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). If Plaintiff voluntarily dismisses this action, then the parties would be as if no action had been brought. There will be no final decision by the District Court, and Plaintiff will not be able to appeal.

If the Court grants Plaintiff's request to voluntarily dismiss this action under Rule 41, he will not be able to appeal to the Ninth Circuit Court of Appeals as he desires to do – which raises questions as to whether Plaintiff truly desires dismissal under Rule 41. Accordingly, within **thirty (30) days** from the date of service of this order, Plaintiff shall notify this Court whether he desires to voluntarily dismiss this action under Rule 41. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 6, 2010**                      /s/ **Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE